JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'09 CIV 6035

------------------------------------------------------------x

STEPHEN PUCKOWITZ,                                  :

                    Plaintiff,            :

      -agsinst-                                     :

THE CITY OF NEW YORK, a municipal       :
entity; NEW YORK CITY POLICE
OFFICERS RODRIGUEZ (Shield No.            :
10703) GORE (Shield No. 12464)
DORSETT (Shield No. unknown) and           :
SERGEANT "JOHN DOE"(Shield
No. unknown); SINGH MANJEET; and          :
MCGUINNESS MANAGEMENT;

                       :

              Defendants.          :

------------------------------------------------------------x

COMPLAINT
(Jury Trial Demanded)

RECEIVED
JUL 02 2009
U.S.D.C. S.D. N.Y.
CASHIERS

## I. INTRODUCTION

1. This litigation arises out of the unlawful custodial arrest and detention on April 3 and April 4, 2008, the preferral of charges against him, and the issuance of a Desk Appearance Ticket associated therewith.

2. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States, as well as under the laws and Constitution of the State of New York.

3. Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief, as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. §1983, and the Fourth and

Fourteenth Amendment to the United States Constitution and the laws and Constitution of the State of New York.

5. The facts which give rise to the State law claims have a common nucleus with the facts which describe the federal law claims. The federal and the pendent State law claims arise out of the same transaction.

6. The Plaintiff also invokes the jurisdiction of the Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

7. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and of the State of New York.

### III.  PARTIES

8. Plaintiff is a resident of the State of New York, City of New York and County of New York.

9. The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York, and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

10. Defendants Rodriguez, Dorsett, Gore and "John Doe" are New York City Police Officers and agents and employees of the City of New York. Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and of the State of New York, they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

Defendant McGuinness Management is a business enterprise transacting and/or soliciting and/or conducting and/or doing business within the State of New York.

Defendant Singh Manjeet is a New York City taxicab driver affiliated with Defendant McGuinness Management, and/or operating a vehicle owned and/or operated by Defendant McGuinness Management.

## IV. ALLEGATIONS

11.  Plaintiff Stephen Puckowitz is 48 years old and was born in New York City.  He is married and the father of two sons.  He attained a Masters of Business Administration in Finance degree from the Stern School of Business at NYU in 1987, and currently is director of research for Admiral Capital Management, a Connecticut-based hedge fund.

12.  On April 3, 2008, Plaintiff and his wife had a 7:00 p.m. appointment with a psychologist whom they were consulting in connection with their son.  Plaintiff left his home and travelled to the psychologist's office, which is located on the Upper West Side of New York City, within the Southern District of New York.

13.  At 6:56 p.m., Plaintiff arrived at the location by taxi cab.  He paid the cab fare in full using his American Express card.  American Express approved the transaction at that same time under approval code 503473.

14.  Upon information and belief, Defendant Singh Manjeet, later falsely reported that Plaintiff had not paid his fare.  The police, as will be shown, conducted no investigation whatsoever into the veracity of this claim.

15.  At 7:13 p.m., Officer Rodriguez, acting in concert with Officers Gore and Dorsett, badge numbers unknown – without inquiry or discussion – forcibly took Claimant from the psychologists's office, handcuffed him, placed him under arrest, shoved him repeatedly, and then dragged him to their squad car.  Plaintiff immediately told the police that he had paid the fare in full and but they refused to listen; furthermore Officer Rodriguez refused Claimant's request to contact the credit card company to confirm that the charge had been approved.  The officers similarly refused Plaintiff's offer to pay the cab a second time.

16.  When the psychologist informed Officer Rodriguez and the other police officers that they were incorrect and that the claim of theft of services mistaken, and implored them to contact the credit card company, Officer Rodriguez told the psychologist "shut up" using curses and expletives, and threatened to arrest her as well. Claimant was in handcuffs for over ninety minutes, and was thereafter placed into a cell at the 20th Precinct.   Plaintiff was released between 1:30 and 2:00 a.m. on April 4, 2008, and given a Desk Appearance Ticket.

17.  On April 29, 2008, Defendant Police Officer Rodriguez signed a criminal complaint against Plaintiff, falsely alleging that Plaintiff had committed the crime of Theft of Services in violation of New York Penal Law §165.15(3).

18.  The complaint recites that it is based upon the statement of Defendant Singh Manjeet.  Defendant Singh Manjeet, upon information and belief, operates a New York City taxi cab owned and/or managed by Defendant McGuiness Management, which upon

information and belief, is a New York corporation.  The statement, which was false, was adopted by Defendant Police Officer Rodriguez in the criminal complaint, which recites in part

> Deponent [Defendant Police Officer Rodriguez] states that he is informed by Singh Manjeet . . . that [Manjeet] provided [Plaintiff Puckowitz] with a ride in [Manjeet's] taxi cab[.]  [Rodriguez] is further informed that upon reaching [Plaintiff Puckowitz's] intended destination [Plaintiff Puckowitz] refused to pay [Manjeet] for the services rendered.

That statement was deliberately false, and/or made with reckless disregard as to its truth or falsity.

19.  Thereafter, Claimant was maliciously prosecuted in New York City Criminal Court for Theft of Services, a violation of Penal Law §165.15(3), under misdemeanor docket number 2008NY030996.  Claimant was forced to attend court, retain an attorney, lose income by attending the court proceeding, all prior to the case being dismissed and sealed on May 5, 2008.

20.  On June 28, 2008, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff was served upon the City of New York.  On September 11, 2008, a Hearing, pursuant to General Municipal Law Section 50-H was conducted.  At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to the City of New York for adjustment and the City of New York has neglected and/or refused to adjust and/or make payment.  This action is commenced within one year and ninety days of the occurrence herein.

21.  Defendant Manjeet, an employee of, or independent contractor affiliated with, Defendant McGuinness Management, falsely accused Plaintiff of theft of services.

22.  The Defendant Police Officers, acting in concert as well as individually, were reckless and deliberately indifferent to the rights, security and liberty of the Plaintiff, and deliberately avoided reasonable further inquiry, which – without compromising law enforcement functions or placing anyone at risk – would have made it clear that there was no probable cause for the detention and the arrest of the Plaintiff and the preferral of charges against the Plaintiff.

23.  While the actions and conduct of the New York City Police Officers were unlawful, those actions and conduct were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as a New York City Police Officer and as an agent and as an employee of the City of New York.

24. There was no probable cause for the custodial arrest of the Plaintiff.

25. Defendant Rodriguez's conscious, intentional, reckless and deliberately indifferent actions – in concert with the other named Police Officer defendants – brought about the unlawful arrest of the Plaintiff and the subsequent initiation of false criminal charges against him.

26. The actions, conduct, and practices described here violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

27. The actions, conduct and practices described above violated the Plaintiff's rights under the laws and Constitution of the State of New York including unlawful stop and detention, false arrest and imprisonment, assault and battery.

28. The actions, conduct and practices described herein were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

29. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, psychological trauma and physical pain and suffering.

30. Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

31. Plaintiff has no other viable remedy at law but for the institution of this litigation in order to secure full and complete redress.

## V.  CAUSES OF ACTION

### A.  First Cause of Action

32. Plaintiff reiterates Paragraphs 1 through 30 and incorporates them by reference as if fully set forth herein.

33. Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and detained, in violation of his rights as guaranteed under the Fourth Amendment to the Constitution and 42 U.S.C. §1983.

34. Plaintiff suffered injuries and damages.

## B. Second Cause of Action

35.  Plaintiff reiterates Paragraphs 1 through 30 and incorporates them by reference as if fully set forth herein.

36.  Plaintiff was unlawfully stopped and detained and subsequently falsely imprisoned and excessively detained in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

37.  Plaintiff suffered injuries and damages.

## C. Third Cause of Action

38.  Plaintiff reiterates Paragraphs 1 through 30 and incorporates them by reference as if fully set forth herein.

39.  Plaintiff was maliciously prosecuted for the crime of Theft of Services under New York Penal Law §165.15, though there was no factual basis whatsoever for the prosecution.  The allegations against Plaintiff were based upon the false statements, and/or statements made with reckless disregard for the truth or falsity, by Detective Rodriguez, an employee of Defendant City of New York, and by Defendant Singh Manjeet, an employee of Defendant McGuinness Management.

40.  Plaintiff suffered injuries and damages.

## D. Fourth Cause of Action

41.  Plaintiff reiterates Paragraphs 1 through 30 and incorporates them by reference as if fully set forth herein.

42.  The actions and conduct of the Defendants were negligent and otherwise violative of Plaintiff's rights under the Constitution and laws of the State of New York.

43.  Plaintiff suffered injuries and damages.

## E. Fifth Cause of Action

44.  Plaintiff reiterates Paragraphs 1 through 30 and incorporates them by reference as if fully set forth herein.

45.  Pursuant to and under pendent State law and pendent State claim jurisdiction, and independent of the federally-based claim against the Defendant City of New York, the

6

Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctine of *respondeat superior*.

46.  Plaintiff suffered injuries and damages.

## F.  Sixth Cause of Action

47.  Plaintiff reiterates Paragraphs 1 through 30 and incorporates them by reference as if fully set forth herein.

48.  Plaintiff was subjected to excessive, unnecessary and unreasonable force in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

49.  Plaintiff suffered injuries and damages.

## G.  Seventh Cause of Action

50.  Plaintiff reiterates Paragraphs 1 through 30 and incorporates them by reference as if fully set forth herein.

51.  Plaintiff was subjected to an assault and battery by being physically taken into custody and by his wrongful handcuffing in violation of his rights as guaranteed by the Constitution and laws of the State of New York.

52.  Plaintiff suffered injuries and damages.

## H.  Eighth Cause of Action

53.  Plaintiff reiterates Paragraphs 1 through 30 and incorporates them by reference as if fully set forth herein.

54.  The Defendant City of New York, if it represents its Officers, uniformly and as a matter of policy and practice indemnifies its Officers for any award of either or both compensatory and punitive damages.

55.  The named and unnamed individual police officer Defendants are employees and agents of the City of New Yuork and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, as such, agents and employees of the City of New York.

56. The actions and conduct of the Police Officer Defendants described above were undertaken during the course of the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

57. Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers under the federal claim jurisdiction pursuant to the doctrine of *respondeat superior*.

58. Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

A. Invoke pendent party and pendent claim jurisdiction;

B. Award appropriate compensatory and punitive damages;

C. Aware appropriate declaratory and injunctive relief;

D. Empanel a jury;

E. Award attorney's fees and costs; and

F. Grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 1, 2009

DAVID WIKSTROM, ESQ.
DW5148
Attorney for Plaintiff Stephen Puckowitz
26 Broadway, 19th Floor
New York, New York 10004
(212) 248-5511
david@davidwikstrom.com

8